**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5204

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN RAY, a/k/a JR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:06-cr-00019-HCM)

Submitted: April 20, 2007          Decided: May 22, 2007

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Benjamin G. Baker, Third-Year Law Student, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Ray appeals his conviction and sentence for one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b) (2000) and 18 U.S.C. § 2 (2000). Ray claims the evidence was insufficient to support the conviction and the district court abused its discretion in denying the motion for a new trial based on newly discovered evidence and evidence allegedly withheld from Ray. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility

- 2 -

of the witnesses and we assume the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). When the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." Burgos, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, . . . is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." Id. (alteration added). We find there was more than sufficient evidence to support the conviction.

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (alteration added) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997)). We review the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995).

In order to receive a new trial under Rule 33 based on newly discovered evidence, Ray must demonstrate that: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) it is not cumulative or impeaching; (4) it is material to the issues involved; and (5) it would probably produce an acquittal. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001) (citing United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993)). Defendants are generally expected to satisfy all five elements in order to receive a new trial. Fulcher, 250 F.3d at 249. We find the district court did not abuse its discretion.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED